UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

December 10, 2015
David J. Bradley, Clerk

| | | |
|---|---|---|
| Robin Prince-Rivers, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action H-14-3439 |
| *versus* | § | |
| | § | |
| Federal Express Grounds, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Opinion on Dismissal

1.   *Introduction.*

A woman was hired by a temporary staffing agency to work as a driver for a package-delivery service. She says that she was discriminated against because of her sex and race. Because she complained too late, her claims are barred by limitations.

2.   *Background.*

Around November 2011, Robin Prince-Rivers was hired by Randstad Temporary Agency to work as a temporary driver for Federal Express Grounds. In this case, she incorrectly named "Randstad Temporary Agency" and "Federal Express" as defendants; Randstad HR Solutions of Deleware, L.P., and FedEx Ground Package System, Inc, are their correct names. Randstad assigned her to Mike Gonzales's delivery route. She says that Gonzales and other drivers unduly criticized her work ethic, called her "small minded," and Randstad paid her less than other comparable employees. On November 8, 2013, Rivers took leave from work.

On October 3, 2014, Rivers filed charges with the Equal Employment Opportunity Commission against Randstad and Federal Express. She claimed that the companies paid her $12.63 per hour while her male, non-African American co-workers were paid $13.00 per hour or more. She says she was treated differently because of her race and sex, in violation of Title VII of the Civil Rights Act of 1964 and the Equal Pay Act of 1963. On August 29, 2014, and October 15, 2014, the Commission notified her of her right to sue Federal Express and Randstad.

Rivers also says her poor mental health inhibits her ability effectively to bring her claims. She says that Federal Express spied on her, ultimately causing anxiety that forced her to move from her home.

On January 26, 2015, the court held an initial conference – Rivers attended. For nearly one hour, the court discussed Rivers's claims against Federal Express and Randstad. Despite acknowledging the procedural deficiencies in her claims, Randstad agreed to discuss settlement. The court gave her one day to reflect on the value of her claims and Randstad's offer, and then it gave her three additional days. She refused to settle.

3.    *Federal Express.*

A plaintiff must sue within ninety days of receiving a right-to-sue letter from the Commission.[1] Because that letter clearly describes this strict deadline, the warning is in bold and underlined, it applies equally to litigants with and without lawyers.  Here, Rivers had ninety-one days to sue because of the Thanksgiving Holiday. Rivers filed suit against Federal Express ninety-four days after receiving her letter. Her claim is barred by limitations.

Federal Express will be dismissed with prejudice.

4.    *Randstad.*

A discriminatory act occurs on the day that it happens.[2] Texas requires a claimant to file a charge of discrimination with the Texas Workforce Commission and the Commission within 300 days of the discriminatory act.[3] If she not file, she loses her ability to recover. Rivers filed her charge against Randstad on October 3, 2014. In the charge she says the discrimination ended on November 8, 2013. She also says she took leave from work on November 8, 2013. 329 days elapsed from the latest possible day of discrimination to when she filed her charge. Her claims is barred by limitations.

---

[1] 42 U.S.C. § 2000 e-5(f)(1)(West).

[2] National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002).

[3] 42 U.S.C. § 2000 e-5(e)(1)(West).

Rivers asks the court for special treatment because her poor mental health and mental impairments cause her to be confused. The court sympathizes with Rivers, but Rivers's vaguely asserted and unsubstantiated confusion does not warrant tolling limitations.[4]

Randstad will be dismissed with prejudice.

5.    *Conclusion.*

Rivers waited too long to bring claims against Randstad and Federal Express. This wait forfeited her ability to recover. Randstand and Federal Express will be dismissed with prejudice.

Signed on December 10, 2015, at Houston, Texas.

_____

Lynn N. Hughes
United States District Judge

---

[4] *See* Vidal v. Chertoff, 293 App'x 325, 329 (5th Cir. 2008).

-3-